UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-CV-0061-CVE-FHM |
| GEORGE DAVID GORDON, JOSHUA WAYNE LANKFORD, and DEAN JOSEPH SHEPTYCKI, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Lift Stay (Dkt. # 27). On July 28, 2009, the Court stayed this case pending the completion of a related criminal case, <u>United States of America v. George David Gordon et al.</u>, Case No. 09-CR-13-JHP (N.D. Okla.). Defendant George David Gordon has been convicted of 23 criminal charges and sentenced to a total of 188 months imprisonment, and judgment and commitment in the criminal case was entered on November 8, 2010.[1] Gordon has appealed his convictions and sentence to the Tenth Circuit Court of Appeals. Plaintiff asks the Court to lift the stay of this case following completion of the criminal case. Gordon objects to plaintiff's motion on the ground that he is likely to prevail on his appeal of the criminal case, and the Tenth Circuit's decision on appeal may impact this Court's rulings on factual and legal issues in this civil case.

---

[1] Defendants Joshua Wayne Lankford and Dean Joseph Sheptycki have not entered an appearance in this case and are considered fugitives in the criminal case.

The Court's July 28, 2009 opinion and order (Dkt. # 26) clearly sets out the reasons for the stay.[2] The Court found that Gordon would not be harmed by a stay, and continuing with this case might have resulted in a violation of Gordon's Fifth Amendment right against self-incrimination. Dkt. # 26, at 9. The Court also determined that judicial economy favored a stay of the civil case, because the criminal case must proceed under the Speedy Trial Act, 18 U.S.C. § 3161, and it would be a waste of judicial resources to try the civil and criminal cases at the same time. Id. The Court directed plaintiff to file a motion to lift the stay within 15 days of completion of the criminal proceedings.

Gordon's criminal case has been completed and the Court finds no reason to continue the stay of this civil case. The Court expresses no opinion about the likelihood that Gordon will prevail on appeal, but the mere possibility that his conviction or sentence will be overturned is not a sufficient reason to stay this case. See SEC v. Blackwell, 477 F. Supp. 2d 891 (S.D. Ohio 2007) (noting that an appeal of a criminal case may take years to resolve and it would "halt the process of justice" to delay a civil case brought by the SEC while an appeal of a related criminal case is pending). The Court assumes that Gordon will pursue his appeal in good faith and will not intentionally delay his appeal but, even so, this is a complex matter and the appeal may take significant time to resolve. Gordon provides no estimate of how long his appeal might take, and the Court will not authorize an indefinite delay of this case while Gordon pursues an appeal in his criminal case. Gordon also argues that plaintiff will likely ask this Court to apply issue preclusion based on findings in the criminal case. Gordon may be correct. However, this possibility does not

---

[2]  The Court notes that Gordon objected to a stay of this case and argued that his right to respond to plaintiff's allegations of market manipulation would be comprised by a stay. Dkt. # 24, at 20.

require the Court to stay this civil case indefinitely, and the Court will address the applicability of issue preclusion if the issue actually arises in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Lift Stay (Dkt. # 27) is **granted**, and the stay of this case entered on July 28, 2009 (Dkt. # 26) is **lifted**.

**IT IS FURTHER ORDERED** that plaintiff shall consult with Gordon's current counsel (see Dkt. # 30), and file a Joint Status Report no later than **December 22, 2010.**

**DATED** this 1st day of December, 2010.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT