# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 09-CV-0061-CVE-FHM ) |
| GEORGE DAVID GORDON, JOSHUA WAYNE LANKFORD, and DEAN JOSEPH SHEPTYCKI, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider the Order Denying Entry of Judgment by Default Against Sheptycki and Memorandum in Support (Dkt. # 61). On February 14, 2011, the Court entered an order (Dkt. # 60) denying plaintiff's motions for clerk's entry of default and default judgment against defendant Dean Joseph Sheptycki. Plaintiff asks the Court to reconsider its denial of plaintiff's motions, because the Court failed to consider an order entered by the United States District Court for the District of Columbia authorizing Sheptycki's attorney to accept service of process in any future proceeding brought against Sheptycki by the SEC. Dkt. # 61, at 1-2.

The Court treats plaintiff's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear

error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

The Court has reviewed plaintiff's motion to reconsider and finds that it should be granted. Plaintiff states that Sheptycki's attorney, Jeffrey Tew, was authorized to accept service in any proceeding brought against Sheptycki by plaintiff, and plaintiff sent a waiver of service and a copy of the complaint to Tew in an attempt to serve Sheptycki in this case. Dkt. # 61, at 2. Plaintiff's characterization of this process caused unnecessary confusion and, in fact, plaintiff has properly given notice of this case to Sheptycki. In the stipulated order entered by the United States District Court for the District of Columbia, Sheptycki agreed "to waive service of process for any papers . . . sent to him by the Commission staff in any proceeding brought by the Commission . . . ." Dkt. # 55-1, at 2. Further, Sheptycki authorized Tew to receive documents, including a complaint, as notice of any future proceeding brought by plaintiff. Tew has submitted a declaration stating that he received a waiver of service and a copy of the complaint, and Tew delivered these documents to

Sheptycki. Thus, it appears that plaintiff has properly served Sheptycki under the terms of the stipulated order.

However, the Court will not vacate its prior order (Dkt. # 60) and the Court grants reconsideration to the extent that plaintiff is granted leave to reurge its motions for clerk's entry of default and default judgment in compliance with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff may file a motion for clerk's entry of default stating that Sheptycki was served and explaining how this service of process was proper. Plaintiff shall not file proposed orders, including a proposed clerk's entry of default, on the Court docket and, instead, if plaintiff intends to submit a proposed order, shall submit such proposed order to the CM-ECF Intake Box. If the motion for clerk's entry of default is granted, plaintiff may file a motion for entry of default judgment demonstrating that default judgment is appropriate and clearly identifying the relief sought. If plaintiff's requested relief is not for a "sum certain" or cannot otherwise "be made certain by computation," see Fed. R. Civ. P. 55(b)(2), the Court may find that it is necessary to hold an evidentiary hearing to determine what relief should be granted. Plaintiff is also advised that the Court requires the party moving for a default judgment to submit a proposed judgment using the procedure to submit proposed orders as described above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider the Order Denying Entry of Judgment by Default Against Sheptycki and Memorandum in Support (Dkt. # 61) is **granted**, and plaintiff is permitted to reurge its motions for clerk's entry of default and default judgment against Sheptycki using the proper procedure.

**DATED** this 17th day of February, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT