UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 09-CV-0061-CVE-FHM ) |
| GEORGE DAVID GORDON, JOSHUA WAYNE LANKFORD, and DEAN JOSEPH SHEPTYCKI, | ) ) ) ) |
| Defendants. | ) ) |

## AMENDED JUDGMENT AS TO DEFENDANT GEORGE DAVID GORDON

This matter has come before the Court for consideration and an opinion and order (Dkt. # 102) granting plaintiff's motion for summary judgment has been entered. Pursuant to Fed. R. Civ. P. 54 and 55, the Court has entered default judgments against defendants Joshua Wayne Lankford and Dean Joseph Sheptycki and no claims remain for adjudication, and this judgment is a final order terminating this case.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that George David Gordon and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that George David Gordon and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that George David Gordon and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently

restrained and enjoined from violating section 5 of the Securities Act (15 U.S.C. § 77e) by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Securities and Exchange Commission and against defendant George David Gordon for disgorgement in the amount of $40,072,806.97, representing profits as a result of the conduct alleged in the complaint, together with pre-judgment interest thereon, from January 1, 2007

through December 31, 2010, in the amount of $10,307,489.92, for a total of $50,380,296.89. Post-judgment interest shall accrue at a rate of .10 percent per annum. The Court orders that Gordon's liability for disgorgement will be joint and several with other defendants found liable in this case for the conduct alleged.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant George David Gordon shall pay a civil penalty in the amount of $130,000 pursuant to section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and pursuant to section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)). Defendant shall make this payment within 14 days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gordon as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this judgment. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Post-judgment interest shall accrue at a rate of .10 percent per annum.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant George David Gordon is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act (17 C.F.R. 240.3a51-1).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this judgment.

**DATED** this 18th day of November, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT